Citation Nr: 1706034 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 09-14 993 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to an increased rating for right knee patellofemoral syndrome status post total knee replacement, currently rated as 10 percent disabling from March 14, 2008 to January 30, 2009, April 1, 2009 to August 4, 2009, and as 60 percent disabling from October 1, 2010. 

2. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

L. Edwards Andersen, Counsel


INTRODUCTION

The Veteran had active service from September 1979 to April 1983 and November 1985 to February 1986. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) from a June 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California.

The Veteran requested a hearing before the Board. The requested hearing was conducted in May 2015 by the undersigned Veterans Law Judge. A transcript is associated with the claims file.

In July 2015, the Board remanded these claims for additional development. Unfortunately, the appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran seeks entitlement to an increased rating for his right knee disability and entitlement to a TDIU.

The Veteran's representative indicated in a June 2016 VA Form 646 that the Veteran desires to have a second videoconference hearing. 

Under 38 C.F.R. § 20.703, a Veteran can request a hearing before the Board of Veterans' Appeals at a Department of Veterans Affairs field facility when submitting the substantive appeal (VA Form 9) or anytime thereafter. A hearing on these issues was previously held in May 2015, prior to the development completed in the July 2015 Board Remand; however, as noted by the Court of Appeals for Veterans Claims (Court), "limiting a claimant to a single Board hearing without regard to the stages of appellate proceedings that have occurred, especially in the face of an assertion that he or she wishes to submit additional evidence in the form of testimony, is not consistent with the solicitous guarantee of claim development evident from the specific sections and overall structure of the VA claims and appeals process." Cook v. Synder, No. 15-0873, (Vet. App. Jan. 31, 2017). As such, the Board finds the Veteran should be scheduled for an additional hearing.

Because such hearings for the Board are scheduled by the RO, a remand of this matter is required in this case. See 38 C.F.R. § 20.704 (2016).

Accordingly, the case is REMANDED for the following action:

1. The RO should take appropriate steps to schedule the Veteran for a hearing at the RO via videoconference before a Veterans Law Judge at the earliest opportunity, following the usual procedures as set forth in 38 U.S.C.A. § 7107 and 38 C.F.R. § 20.704 (2016).

2. After the hearing is conducted or in the event the Veteran withdraws his request for a hearing, or fails to appear at the scheduled hearing, the case should be returned to the Board.

The purpose of this REMAND is to afford due process; it is not the Board's intent to imply whether the benefits requested should be granted or denied.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).